CARL PETERSEN, PLAINTIFF-RESPONDENT, v. ANTHONY FALZARANO, DEFENDANT AND THIRD-PARTY PLAINTIFF-RESPONDENT, AND INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, A BODY CORPORATE, THIRD-PARTY DEFENDANT-APPELLANT, AND CARL BRUCK, DOING BUSINESS AS BRUCK AGENCY, THIRD-PARTY DEFENDANT.

Superior Court of New Jersey
Appellate Division

Argued July 10, 1950—Decided August 14, 1950.

Before Judges MᶜGᴇᴇʜᴀɴ, Cᴏʟɪᴇ and Eᴀsᴛᴡᴏᴏᴅ.

*Mr. Mark Townsend* argued the cause for third-party defendant-appellant (*Messrs. Townsend & Doyle,* attorneys).

*Mr. Samuel D. Joseph* argued the cause for defendant and third-party plaintiff-respondent (*Messrs. Riskin & Riskin,* attorneys).

The opinion of the court was delivered by

McGEEHAN, S. J. A. D.   This is an appeal by the Indemnity Insurance Company of North America, a third-party defendant, from an order entered in the Superior Court, Law Division, denying its motion to dismiss the third-party complaint made against it by the defendant Falzarano.

The plaintiff, Petersen, in his complaint filed against the defendant Falzarano, charged that the latter was the owner of certain premises in North Arlington, upon which was erected a two-story frame dwelling house; that during the course of construction, the defendant negligently erected and maintained a temporary stairway; that the plaintiff, while in the building in the performance of a contract he had made with the defendant, used the temporary stairway and it collapsed, causing personal injury to him.

The defendant Falzarano was granted leave, under *Rule* 3 :14–1, as a third-party plaintiff, to serve a summons and complaint upon Carl Bruck, doing business as the Bruck Agency, and upon Indemnity Insurance Company of North America.   The third-party complaint, in the count against the company, alleged the issuance of a policy by the insurance company to Falzarano, which provided that the company would pay on behalf of the insured all sums for which the insured would become obligated to pay by reason of liability for damages because of bodily injury sustained by any person or persons, with respect to said premises, and would defend, in the insured's name, any suit against the insured alleging such injury, even if such suit is groundless, false or fraudulent; further, that upon notice of the accident and request to defend, the company had disclaimed liability under the policy and had refused to defend the suit against the insured, Falzarano.   It demanded a judgment requiring the company to defend Falzarano in the main case; declaring the liability of

the company under the policy; and requiring the company to pay any and all expenses, costs and damages incurred by Falzarano in connection with the suit.

The company moved to dismiss the third-party complaint made against it. The court ordered that the third-party suit be severed for purpose of trial and that the main suit be tried first, and entered the order under appeal which denied the company's motion for dismissal of the third-party complaint.

At the outset we are met by the contention that the appeal should be dismissed because the order under appeal is interlocutory and not subject to appeal. It is obvious that the order is interlocutory. The company argues, however, that it has an appeal, as a matter of right, under rule 4:2–2(c), which provides that appeal may be taken to this court from interlocutory orders determining that the court has jurisdiction over the subject matter or the person. On its motion to dismiss, the company argued that no third-party action could be brought by Falzarano against the company under *Rule* 3:14–1, although it conceded that the court could entertain "an original and separate suit either for declaratory judgment or specific performance or reformation of the policy contract or suit for damages for the breach of policy contract" instituted by Falzarano. This raises no question of jurisdiction over the subject matter or the person.

The appeal is dismissed.